# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPITFIRE STUDIOS, INC.,<br><br>           Plaintiff,<br><br>     v.<br><br>SPITFIRE PICTURES, LLC; SPITFIRE PRODUCTIONS, LLC; EXCLUSIVE MEDIA GROUP HOLDINGS, INC.; and DOES 1 through 10,<br><br>           Defendants.<br><br>SPITFIRE PICTURES, LLC; EXCLUSIVE MEDIA GROUP HOLDINGS, INC.,<br><br>           Counterclaimants,<br><br>     v.<br><br>SPITFIRE STUDIOS, INC.,<br><br>           Counter-defendant. | Case No. 2:13-CV-06638-FMO-MAN<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation and Agreed Protective Order Concerning Disclosure of Confidential Information ("Stipulation") filed on January 14, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of

this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 10, 17, and 20 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence**

**supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## AGREED TERMS OF PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT

1. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this **Protective** Order shall govern all information and documents disclosed in discovery in this action.

2. Certain information and documents to be produced by Plaintiff and Defendants during discovery in this litigation may contain trade secrets or other proprietary, confidential research, development, or commercial information that should be considered confidential and protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

3. The information and documents to be considered as confidential and disclosed only in accordance with the terms of this **Protective** Order shall include, without limitation, all documents or information whether in hard copy or electronic

form designated in accordance with the terms of this **Protective** Order and supplied in response to the demands or requests of either **P**arty, formal or informal, regardless of whether said information is produced or disclosed by a **P**arty or by any affiliated person or entity, or formerly affiliated person or entity.

4. All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with the terms of this **Protective** Order and disclosed in discovery in this action shall be used solely for purposes of prosecuting or defending this litigation and shall not be used for any other purpose.

5. "Discovery Material" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this action. Any **P**arty may, in good faith, designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Discovery Material designated "CONFIDENTIAL" shall contain proprietary information, whether personal or business-related. Certain limited types of "CONFIDENTIAL" information may be alternatively designated, as defined and detailed below, as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." The "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation shall be reserved for confidential information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, and business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the **P**arty making the confidential designations of Discovery Material, such as, for example, financial information, commercial contracts, **and/or** information concerning non-public projects. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, as used in this **Protective** Order, shall refer to any information so designated. The Parties shall make good faith efforts to

properly designate documents under this **Protective** Order according to the guidelines set forth in this paragraph.

6. All information designated "CONFIDENTIAL" shall be maintained in confidence by the **P**arties to whom such information is produced or given, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except:

    (a) The Court (including court reporters, stenographic reporters and videographers, and court personnel);

    (b) The attorneys of record, their partners, employees, and associates of outside counsel (collectively hereafter referred to as "Outside Counsel");

    (c) Officers or employees of Plaintiff in this action, and officers and employees of Defendants in this action; provided, that such officers or employees shall receive such "CONFIDENTIAL" information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purposes;

    (d) Subject to the terms of Paragraph 15 below, experts and their staff, contractors, and litigation support personnel and their staff retained by Outside Counsel in this litigation; and

    (e) Any other person as to whom the **P**roducing **P**arty agrees in writing prior to such disclosure.

7. All information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be maintained in confidence for use by the attorneys of the **P**arties, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except those listed in subparagraphs 6(a), (b), (d) and (e) above.

8. Nothing in the **Protective** Order shall be taken as assent by a non-producing **P**arty that designated information is in fact "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. If counsel for

the non-producing **P**arty believes that a confidentiality designation is not appropriate or justified, counsel for the non-producing **P**arty will notify counsel for the **P**roducing **P**arty of its belief that the information should not be so designated or should be disclosable to persons other than those allowed by this **Protective O**rder. A **P**arty shall not be obligated to challenge the propriety of a designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The **P**arties shall use their best efforts to resolve promptly and informally such disputes. If the **P**arties do not reach agreement on the correct designation of the information within seven (7) business days of service of a challenge, in the case of information designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" less than two years old and information designated "CONFIDENTIAL" no matter the date, the Receiving Party may file a motion with the Court setting forth the Receiving Party's reasons as to why the designation should be changed. In the case of information designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" older than two years, the Producing Party will file the motion with the Court setting forth the Producing Party's reasons for why the designation should not be changed. In either case, the Producing Party shall have the ultimate burden of proving that appropriateness of the designation. Unless and until the Court issues a ruling that the information may be disclosed to persons other than those authorized by this **Protective** Order, the contested designation shall remain in place and treated consistently with the terms of this **Protective** Order.

9. Nothing in this **Protective** Order shall preclude any **P**arty from applying to this Court for relief from any provision hereof, or from asserting that certain discovery materials should receive greater confidentiality protection than that

provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

10. No designation of documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be effective unless there is placed or affixed on such document (or the most practical location) a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" notice or the equivalent. Where practicable, such notice shall be placed near the Bates number. In the case of computer, audiovisual, or other electronic or magnetic medium, such notice shall be placed on the medium and its protective cover, if any. Testimony given at a deposition may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with the provisions of Paragraph 18 of this **Protective** Order. Any designation that is inadvertently omitted from a document or **deposition** testimony may be corrected by written notification to opposing counsel, but any disclosure prior to such notification shall not be a violation of this **Protective** Order.

11. All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information shall be maintained under the control of Outside Counsel, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this **Protective** Order.

12. If a Party files a document containing Confidential or Highly Confidential **– Attorneys' Eyes Only** Information with the Court, all such documents shall be **submitted for filing** under seal **pursuant to the provisions of Local Rule 79-5 and this Protective Order**. The Party **submitting a document containing Confidential or Highly Confidential – Attorneys' Eyes Only Information for filing under seal** shall serve the sealed document, independently of the CM/ECF system and consistent with the provisions of this **Protective** Order, upon all **P**arties of record by electronic mail or other practical means. **Again, as set forth above, the mere designation of a document as "CONFIDENTIAL" or**

**"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order does not provide a proper basis for under seal filing.**

13.     Information produced by non-**P**arties during the course of this action may be designated under this **Protective** Order by such non-**P**arty or by a **P**arty as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by following the procedures set forth herein or may be deemed so confidential as not to be disclosed under any circumstances.  Information so designated and produced by third parties shall thereafter be treated by the **P**arties in the same manner as if produced with such designation by a **P**arty.  A producing non-**P**arty shall have all the rights of a **P**roducing **P**arty with respect to protection of information under the terms of this **Protective** Order.  The provisions of this **Protective** Order for challenging the designation by a **P**arty are applicable to challenges to designations by non-**P**arties.

14.     Prior to disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to any third parties, including persons employed to act as outside consultants or experts, translators, or interpreters in this action, counsel for the **P**arty seeking disclosure shall require such persons to read this **Protective** Order and execute a Nondisclosure Agreement in the form attached hereto as Exhibit A, which will be kept by Outside Counsel of the **P**arty for whom the disclosure was signed. In addition, counsel for the **P**arty seeking disclosure shall comply with the following:

(a)     Nothing in this **Protective** Order shall be construed as requiring that:  i) routine outside suppliers of litigation support services such as photocopying, scanning, or coding execute the attached Nondisclosure Agreement; or ii) the opposing **P**arty utilizing such services must disclose the identity of such service suppliers to the opposing **P**arty or counsel.

(b)     Nothing in this **Protective** Order shall be construed as requiring that the identity of graphics preparation and presentation consultants, witness

preparation consultants, jury consultants, or trial presentation consultants be disclosed to the opposing **P**arty or counsel.  However, any **P**arty utilizing such services is required to have such proposed service provider conduct a conflict check and execute the attached Nondisclosure Agreement.

15. Nothing in this **Protective** Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information that it has produced or disclosed in this litigation.

16. Nothing in this **Protective** Order shall prevent disclosure beyond the terms of this **Protective** Order of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information if the **P**arties to this action and, if applicable, the non-**P**arty from which the material originated, consent, or if the Court, on motion filed by the **P**arty seeking to make disclosure, orders that disclosure be made.  Any **P**arty may at any time request the Court, after notice to the opposing **P**arty and to the non-**P**arty from **whom or** which the material originated, if applicable, to modify or grant relief from any provision of this **Protective** Order or to place additional restrictions on the use of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

17. Nothing herein shall prohibit a **P**arty, or its counsel, from disclosing any document designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to the person the document identifies as an author or recipient of such document, or to any person that evidence shows to have already viewed the document or been told of its contents **in a manner not in violation of this Protective Order**.

18. Information disclosed at a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by indicating on the record at the deposition that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

1 ONLY" and is subject to the provisions of this **Protective** Order.  All such portions
2 of the transcript shall be appropriately marked by the court reporter and shall be
3 treated by the **P**arties as set forth herein.  Testimony in a deposition may also be
4 designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'
5 EYES ONLY" by notifying the deposing **P**arty in writing within fourteen (14) days
6 of the receipt of the transcript of those pages and lines or those exhibits that are
7 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
8 ONLY," as the case may be.  No deposition may be read by anyone other than the
9 deponent, the attorneys for the **P**arties, and those qualified to see "HIGHLY
10 CONFIDENTIAL - ATTORNEYS' EYES ONLY" material under Paragraph 6
11 during the fourteen (14) day period following a deposition unless otherwise agreed
12 upon among the attorneys.  Upon being informed that certain portions of a deposition
13 disclose either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
14 ATTORNEYS' EYES ONLY" information, each **P**arty must cause each copy of the
15 transcript in its custody or control to be marked immediately.

16      19.    Nothing herein and no action taken under this **Protective** Order shall
17 constitute a waiver or admission. The production of any documents or information
18 that the **P**roducing **P**arty claims to be privileged shall be governed by the facts and
19 applicable law.

20      20.    Any and all originals and copies of Discovery Materials designated
21 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
22 ONLY" shall, at the request of the **P**roducing **P**arty, be returned to the **P**arty within
23 sixty (60) days after a final judgment herein or settlement of this action, or, at the
24 option of the **R**eceiving **P**arty, destroyed in that time frame, except that Outside
25 Counsel for each **P**arty may maintain in its files one copy of each pleading filed with
26 the Court, each deposition transcript together with the exhibits marked at the
27 deposition, and documents constituting work product which were internally
28 generated based upon or which include "CONFIDENTIAL" information or

1  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.  If the
2  **R**eceiving **P**arty elects to destroy rather than return the requested designated
3  materials, Outside Counsel for the **R**eceiving **P**arty will provide a signed letter to
4  Outside Counsel for the **P**roducing **P**arty representing that the requested designated
5  materials were destroyed.  Upon receipt of any subpoena for such information, the
6  **P**arty receiving the subpoena shall immediately notify Outside Counsel for the
7  **P**roducing **P**arty of the subpoena so that the latter may protect its interests.  In the
8  event that documents are returned to or destroyed at the request of the **P**roducing
9  **P**arty, the other **P**arty or its Outside Counsel shall certify in writing that all such
10 documents have been returned or destroyed, as the case may be.  The **P**arties should
11 agree to reasonable extensions of time to complete the return of the
12 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
13 ONLY" information, if necessary.
14         21.    The restrictions set forth in any of the preceding paragraphs of this
15 **Protective** Order shall not apply to information that:
16                (a)    was, is, or becomes public knowledge not in violation of this
17 **Protective** Order; or
18                (b)    was lawfully possessed by the non-designating **P**arty prior to the
19 date of this **Protective** Order.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

22. This **Protective** Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction as necessary to enforce the terms of this **Protective** Order.  This **Protective** Order shall be subject to revocation or modification by order of the Court, upon written stipulation of the **P**arties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of evidence should the Court so decide.

Dated:  February 3, 2014

*Margaret A. Nagle*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPITFIRE STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPITFIRE PICTURES, LLC; SPITFIRE PRODUCTIONS, LLC; EXCLUSIVE MEDIA GROUP HOLDINGS, INC.; and DOES 1 through 10, <br><br> Defendants. | Case No. 2:13-CV-06638-FMO-MAN <br><br> **ACKNOWLEDGEMENT OF PROTECTIVE ORDER** |
| SPITFIRE PICTURES, LLC; EXCLUSIVE MEDIA GROUP HOLDINGS, INC., <br><br> Counterclaimants, <br><br> v. <br><br> SPITFIRE STUDIOS, INC., <br><br> Counter-defendant. | |

The undersigned, having read the Protective Order entered in this action, understands the terms thereof, and intending to be legally bound thereby, agrees as follows:

1. All information and documents disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action (the "Litigation") and shall not be used for any business or other purpose.

2. Such information and documents shall be disclosed to and discussed only with the Parties' outside counsel and other persons so authorized pursuant to the terms of the Protective Order, who have in accordance with the provisions of the Protective Order. Neither such documents or information nor information acquired or extracted from such documents or information will be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity

whatsoever, except in compliance with the Protective Order.  This Acknowledgement does not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

      3.     The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

      4.     The undersigned further agrees to return all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, to the attorney from whom he or she received such documents and information within thirty (30) days after the termination of this Litigation, including all appeals, or within thirty (30) days after the undersigned is no longer associated with this Litigation, whichever comes first.

      5.     The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to, punishment for civil contempt.

Dated: _____

_____
Signature

_____
Printed Name

_____
Title